REQUESTED BY: Randy L. Nielsen Kimball County Attorney
What binding effect does a resolution, such as setting personnel policies, or contracts of a county board, have upon a later county board?
County is bound for term of resolution or contract as explained below.
You ask as to the binding effect of resolutions or contracts of the county board on a later board.
Of course, a later board has the same authority as an earlier board to establish policy and enter into contracts insofar as they do not violate some existing rights of others.
If the county has contracted with a third party for a definite period of time, the new board would not have the authority, without incurring liability, to change that contract until the time had expired, unless the third party was willing to mutually revise the same.
The same would generally be true as to personnel policies you would have to examine them to see if they were established for a specific period of time which had not yet expired and, if so, whether or not they were established as a result of negotiation, as you indicated, to determine if rights were vested.
Following is a discussion as to ordinances, which would in our view, apply equally to resolutions:
 A municipal council which has been granted the power to enact ordinances has, as an incident thereto and without any express reference thereto in the statutes, power to amend, change, or repeal ordinances . . . . a municipal council, even if it should so desire, cannot enact an irrepealable ordinance of a continuing nature, or in any way diminish the legislative powers granted to it by statute.
 The fact that the repeal of an ordinance cannot ordinarily be made to affect vested rights or contractual obligations is sometimes spoken of as a restriction on the power to repeal ordinances. It seems, however, that this restriction relates merely to the effect of the repeal. It is not that a city lacks power to repeal its ordinances, but that to the extent that the repeal affects vested rights or contractual obligations it may be inoperative.
56 Am.Jur.2d, Municipal Corporations, Etc., § 410.
It is also generally stated that even in the case of vested rights or contractual obligations that a court will not ordinarily attempt to control the action of the governmental subdivision and if the public interest requires the repeal of a resolution or violation of a contract, the court will not compel specific performance but will leave the injured party to his remedy at law. 56 Am.Jur.2d, supra.
The statements of the law above concerning a municipal council may properly be applied to the government of a county. 56 Am.Jur.2d, § 5.
As you can see, the key to whether alterations may be made without liability, is whether vested rights of others are affected.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General